IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 27, 2010

## STATE OF TENNESSEE v. DONALD EUGENE O'NEAL, JR.

**Appeal from the Montgomery County Circuit Court**
**No. 40600422    Michael R. Jones, Judge**

---

**No. M2010-00191-CCA-R3-CD** - **Filed September 28, 2010**

---

The Defendant, Donald Eugene O'Neal, Jr., was sentenced as a Range I, standard offender to twelve years' confinement for attempted especially aggravated robbery, a Class B felony; to four years' confinement for reckless homicide, a Class D felony; and to three years' confinement for delivery of a schedule II drug, a Class C felony; all to be served consecutively for an effective sentence of nineteen years. On appeal, the Defendant contends that the sentences are excessive. The judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Debra A. Wall, Clarksville, Tennessee, for the appellant, Donald Eugene O'Neal, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Senior Counsel; John Wesley Carney, Jr., District Attorney General; and Helen Young, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This is an appeal of a resentencing. The Defendant was convicted by a Montgomery County jury, and the trial court sentenced him to twelve years' confinement for attempted especially aggravated robbery, to six years' confinement for reckless homicide, and to four years' confinement for delivery of a schedule II drug, all to be served consecutively for an effective sentence of twenty-two years. On appeal, this court affirmed the finding of guilt and the imposition of consecutive sentencing but held that the trial court improperly applied two enhancement factors. This court remanded the case to the trial court for resentencing.

<u>See</u> <u>State of Tennessee v. Donald E. O'Neal Jr.</u>, No. M2008-00146-CCA-R3-CD, Montgomery County, slip op. at 8-9 (Tenn. Crim. App. Sept. 15, 2009).

At the resentencing hearing, the trial court found enhancement factor (4), a victim of the offense was particularly vulnerable because of physical disability, applicable to the convictions for attempted especially aggravated robbery and reckless homicide because the victim was obese and incapable of readily moving from his seated position at the time of the shooting. <u>See</u> T.C.A. § 40-35-114 (2006) (amended 2007). The court found enhancement factor (9), the Defendant employed a firearm during the commission of the offense, applicable to the conviction for reckless homicide because the evidence showed that an assault rifle was used to kill the victim. <u>See</u> <u>id.</u> The trial court did not find that any enhancement factors applied to the conviction for delivery of a schedule II drug. The court found mitigating factor (13), the Defendant completed a drug course while in the State Penitentiary, applicable to all convictions. <u>See</u> T.C.A. § 40-35-113(13) (2006). The Defendant was sentenced to twelve years' confinement for attempted especially aggravated robbery, to four years' confinement for reckless homicide, and to three years' confinement for delivery of a schedule II drug, all to be served consecutively for an effective sentence of nineteen years.

The Defendant contends that his sentences for attempted especially aggravated robbery and reckless homicide are excessive because the trial court imposed the maximum sentence despite the presence of a mitigating factor. The State contends that the trial court properly sentenced the Defendant after considering the sentencing principles and all relevant facts and circumstances. We agree with the State.

Appellate review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. T.C.A. §§ 40-35-401(d) and -402(d) (2006). As the Sentencing Commission Comments to these sections note, the burden is now on the appealing party to show that the sentencing is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. <u>State v. Fletcher</u>, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

However, "'the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances.'" <u>State v. Carter</u>, 254 S.W.3d 335, 344-45 (Tenn. 2008) (quoting <u>State v. Ashby</u>, 823 S.W.2d 166, 169 (Tenn. 1991)). In this respect, for the purpose of meaningful appellate review, the trial court must place on the

record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1994); see T.C.A. § 40-35-210(e) (2006).

Also, in conducting a de novo review, we must consider (1) any evidence received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee, (7) any statement that the defendant made on his own behalf, and (8) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-102, -103, -210 (2006); see Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229, 236 (Tenn. 1986).

In imposing a sentence within the appropriate range of punishment for the defendant:

> [T]he court shall consider, but is not bound by, the following advisory sentencing guidelines:
>
> (1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and
>
> (2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

T.C.A. § 40-35-210. From this, "the trial court is free to select any sentence within the applicable range so long as the length of the sentence is 'consistent with the purposes and principles of [the Sentencing Act].'" Carter, 254 S.W.3d at 343 (quoting T.C.A. § 40-35-210(d)).

The weighing of enhancement and mitigating factors is within the sole discretion of the trial court. See Carter, 254 S.W.3d at 345. Thus,

> even if a trial court recognizes and enunciates several applicable enhancement factors, it does not abuse its discretion if it does not increase the sentence beyond the minimum on the basis of those factors. Similarly, if the trial court recognizes and enunciates several applicable mitigating factors, it does not abuse its discretion if it does not reduce the sentence from the maximum on the basis of those factors.

Id.

As this court stated when considering the Defendant's first appeal:

> Given that the victim was morbidly obese and unable to defend himself against two men with guns while he sat on the floor, the trial court was justified in finding that the victim was particularly vulnerable because of a physical disability. T.C.A. § 40-35-114(4).

> Given that the defendant used a gun during the crimes, the application of the enhancement factor for employing a firearm in the commission of the offense was proper. T.C.A. § 40-35-114(9).

Donald E. O'Neal Jr., slip op. at 8.

At the resentencing, the trial court stated:

> The court is required, of course, to consider the evidence. . . received at trial, at the first sentencing hearing, as well as this sentencing hearing . . . [the] presentence report, the principles of sentencing and arguments as to sentencing alternatives, the nature and characteristics of the criminal conduct involved, the

evidence and information offered by the parties on the mitigating factors, any statistical information . . . as to sentencing practices . . . [and] the statement made by the Defendant . . . .

The trial court made findings with regard to the presence of enhancement and mitigating factors, and then stated:

[L]et's talk a little bit about . . . this case. The victim . . . was a very large man, obese is probably a kind word. He was sitting on the floor in a room at the time he was shot . . . . The vulnerability based on the facts of this particular case are just overwhelming and it greatly outweighs the mitigating factor.

The Defendant has not shown that these sentences are improper. The record reflects that the trial court made findings of fact that are adequately supported in the record. The trial court stated on the record its consideration of the principles of the Sentencing Act and arguments as to sentencing alternatives, its consideration of all evidence, and its consideration of all enhancement and mitigating factors. We hold that the trial court properly sentenced the Defendant after considering the sentencing principles and all relevant facts and circumstances.

In consideration of the foregoing and the record as a whole, the judgements of the trial court are affirmed.

_____
JOSEPH M. TIPTON,  PRESIDING JUDGE